Citation Nr: AXXXXXXXX
Decision Date: 08/31/21 Archive Date: 08/31/21

DOCKET NO. 210625-168355
DATE: August 31, 2021

ORDER

A compensable rating for lattice degeneration of the bilateral eyes is denied.

FINDING OF FACT

Throughout the rating period, the Veteran's lattice degeneration of bilateral eye has been manifested by floaters and occasional cloudy vision; neither retinal irregularities that are centrally located, nor corrected visual acuity of 20/40 or worse in each eye, nor any incapacitating episodes are demonstrated.

CONCLUSION OF LAW

Throughout the rating period, the criteria for a compensable disability rating for lattice degeneration of bilateral eye are not met. 38 U.S.C. § 1155, 5107; 38 C.F.R. §§ 4.1, 4.7, 4.79, Diagnostic Codes 6000 through 6009, 6011, 6042, 6066.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the United States Air Force from June 2016 to June 2020.

A November 2020 rating decision granted service connection and assigned a 0 percent (noncompensable) disability rating for the Veteran's lattice degeneration of left eye. The Veteran submitted a request for a higher level review (HLR), which identified a duty to assist (DTA) error in March 2021namely, the Veteran had been diagnosed with lattice degeneration of bilateral eye in active service; and additional VA examination and medical opinion were obtained in May 2021.

Subsequently, a May 2021 rating decision denied a compensable disability rating for the Veteran's lattice degeneration of bilateral eye. The Veteran submitted a notice of disagreement (Form 10182) and elected direct review by a Veterans Law Judge (VLJ). Direct review entails adjudication on an identical record; no further development takes place. 38 C.F.R. § 20.301. In this instance, the identical record consists of evidence of record at the time of the May 2021 rating decision. Remand is not permitted, except for certain pre-decisional errors. 38 C.F.R. § 20.802.

The Board is bound by favorable findings made by the Agency of Original Jurisdiction (AOJ) unless they are rebutted by clear and unmistakable evidence. 38 C.F.R. § 3.104.

Disability ratings are determined by applying the criteria set forth in VA's Schedule for Rating Disabilities, which is based on average impairment in earning capacity. Separate diagnostic codes identify the various disabilities. 38 U.S.C. § 1155; 38 C.F.R. § 4.1. Separate ratings may be assigned for separate periods of time based on the facts found. This practice is known as staged" ratings. Hart v. Mansfield, 21 Vet. App. 505 (2007).

The AOJ has assigned an initial 0 percent (noncompensable) disability rating for lattice degeneration of bilateral eye under Diagnostic Code 6042, pertaining to retinal dystrophy.

Alternatively, the Veteran's lattice degeneration of bilateral eye may be rated as retinal scars, atrophy, or irregularities (Diagnostic Code 6011); or evaluated based on the general rating formula for diseases of the eye (38 C.F.R. § 4.79).

Pursuant to Diagnostic Code 6011, a 10 percent rating may be assigned for retinal scars, atrophy, or irregularitiesunilateral or bilateralthat are centrally located and that result in an irregular or duplicated or enlarged or diminished image.

Under the general rating formula, diseases of the eye are to be evaluated on the basis of either visual impairment due to the particular condition (Diagnostic Codes 6061-6091) or on incapacitating episodes, whichever results in a higher evaluation.

An incapacitating episode is an eye condition severe enough to require a clinic visit to a provider specifically for treatment purposes. Examples of treatment may include, but are not limited to: systemic immunosuppressants or biologic agents; intravitreal or periocular injections; laser treatments; or other surgical interventions. See 38 C.F.R. § 4.79, Diseases of the Eye, General Rating Formula, Notes.

In this case, the Veteran was diagnosed with lattice degeneration of bilateral eye during active service in September 2018. A fundoscopic examination through dilated pupils at that time revealed no holes, rips, or tears in each retina; lattice degeneration was noted. Peripheral vision was full to confrontation. The Veteran was educated on condition, signs, and symptoms of retinal dystrophy; and was told to return to clinic as soon as possible, if noted.

An August 2020 VA examination report revealed a medical history of diagnosis of lattice degeneration in 2018, and that the course of the condition since onset had stayed the same. No current symptoms were reported. Current visual acuity (corrected) both at distance and at near for each eye was 20/20 or better. The Veteran did not have diplopia. Examination in August 2020 revealed that slit lamp examination was normal. Internal eye examination (fundus) was abnormal. Whitish area of temporal retina of left eye was noted. There was no documented visual field defect. The August 2020 examiner noted no incapacitating episodes attributable to any eye condition during the past twelve months. Myopia and astigmatism, which are refractive errors, also were noted.

In November 2020, the Veteran reported "floaters" becoming more noticeable in his field of vision. In March 2021, the Veteran reported blurred vision at distance, which improved with glasses. He also noted new flashes of light, which occurred about twice a week. His vision was cloudy peripherally, which occurred sporadically; it remained stable since onset. The Veteran did have floaters. The Veteran reported no ocular trauma or surgery, or other eye diseases.

VA records showed lattice degeneration of bilateral eye in March 2021; atypical appearance was noted. Each retina was flat and intact with no holes, no tears, and no detachments. The Veteran reported having episodes of flashing lights of one week's duration. He also reported having "cloudy vision peripherally," which resolved; his vision returned to normal. The Veteran was prescribed eyeglasses.

An April 2021 VA examination report revealed a diagnosis of lattice degeneration of bilateral eye, and the date of diagnosis as 2018; the course of the condition since onset had stayed the same. Current symptoms included floaters. Current visual acuity (corrected) both at distance and at near for each eye was 20/20 or better. The Veteran did not have diplopia. Examination in April 2021 revealed that slit lamp examination was normal. Internal eye examination (fundus) was abnormal. Peripheral lattice of each eye was noted. There was no decrease in visual acuity or other visual impairment attributable to lattice degeneration. There was no documented visual field defect. The April 2021 examiner noted no incapacitating episodes attributable to any eye condition during the past twelve months. There were neither documented medical visits for treatment of any eye condition, nor any type of intervention required over the past twelve months. Lattice degeneration of bilateral eye did not impact the Veteran's ability to work.

The April 2021 examiner found no objective evidence to support a diagnosis of retinal dystrophy. The examiner opined that the Veteran's lattice degeneration of bilateral eye, which is associated with refractive error, is due to the lattice degeneration in active service and is a chronic condition.

Here, the evidence shows that the Veteran's lattice degeneration of bilateral eye had been stable since onset in 2018. No examiner diagnosed retinal dystrophy. Retina irregularities of bilateral eye were peripheral and, thus, not centrally located. Hence, a compensable rating under either Diagnostic Code 6042 or Diagnostic Code 6011 is not warranted.

Moreover, no incapacitating episodes were demonstrated throughout the rating period. The Veteran's lattice degeneration of bilateral eye had been stable; no intervention was required. Nor do the Veteran's corrected distance acuity findings meet criteria for a compensable rating under Diagnostic Code 6066. When a Veteran is neither blind nor has loss of use of one eye, the central visual acuity of one eye must be 20/40 or worse for a compensable rating. 38 C.F.R. § 4.79.

The preponderance of evidence, therefore, is against a compensable rating for lattice degeneration of bilateral eye. 

 

WILLIAM H. DONNELLY

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Mary C. Suffoletta

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.